CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 17 2018

JULIA C. DUDLEY, CLERK
BY: /s/ A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| MARIE SHIFFLETT MARSHALL, | ) |
| Plaintiff, | ) Civil Action No. 3:17CV00050 |
| v. | ) **MEMORANDUM OPINION** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) By: Hon. Glen E. Conrad<br>) Senior United States District Judge |
| Defendant. | ) |

Plaintiff Marie Shifflett Marshall, proceeding pro se, filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is established pursuant to 42 U.S.C. § 405(g).

By order entered January 8, 2018, the court referred this case to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). On July 17, 2018, the magistrate judge submitted a report in which he recommends that the court affirm the Commissioner's final decision. Plaintiff has filed an objection to the magistrate judge's report, and the matter is now ripe for the court's consideration.

This court is charged with performing a de novo review of the magistrate judge's report and recommendation. See 28 U.S.C. § 636(b)(1). In the instant case, the court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might

be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Marie Shifflett Marshall, was born on September 28, 1960. She eventually completed her high school education and also took some college courses. (Tr. 39). Mrs. Marshall has been employed as an office assistant, receptionist, and waitress. She last worked on a regular and sustained basis in 1987. (Tr. 139). On September 27, 2013, Mrs. Marshall filed an application for a period of disability and disability insurance benefits. In filing her claim, Mrs. Marshall alleged that she became disabled for all forms of substantial gainful employment on December 1, 1998, due to anxiety, cognitive impairments resulting from a stroke, and herpes simplex encephalitis. (Tr. 138). She later clarified that she was "having panic attacks" at the time of her alleged onset date, but that she did not suffer the stroke and complications from encephalitis until 2012. (Tr. 40, 46-47, 115-16, 143). The record reflects that Mrs. Marshall met the insured status requirements of the Act through the fourth quarter of 1998, but not thereafter. See, gen., 42 U.S.C. §§ 416(i) and 423(a). Consequently, Mrs. Marshall is entitled to a period of disability and disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before December 31, 1998.

Mrs. Marshall's application was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated June 28, 2016, the Law Judge also determined that Mrs. Marshall is not entitled to disability insurance benefits. The Law Judge found that there was "insufficient medical evidence to substantiate the existence of a medically determinable impairment prior to her date last insured of December 31, 1998." (Tr. 23). Accordingly, the Law Judge concluded that Mrs. Marshall is not entitled to a period of disability or disability insurance benefits. See 20

C.F.R. § 404.1520(c).[1] The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Marshall has now appealed to this court.

As previously noted, the court referred this case to a magistrate judge for a report setting forth findings of fact, conclusions of law, and a recommended disposition. In his report, the magistrate judge recommended that the court affirm the final decision of the Commissioner denying plaintiff's entitlement to a period of disability and disability insurance benefits. Succinctly stated, the magistrate judge determined that the record fully supports the Law Judge's finding that the medical evidence fails to substantiate the existence of a medically determinable impairment prior to Mrs. Marshall's date last insured. Consequently, the magistrate judge agreed that Mrs. Marshall "'must be found not disabled at step two of the sequential evaluation process.'" (Report & Recommendation 6, Docket No. 18 (quoting Social Security Ruling (SSR) 96-4p)).

Mrs. Marshall has submitted a letter that the court construes as an objection to the magistrate judge's report and recommendation. She has also submitted new evidence in the form of a July 20, 2018 letter from Dr. Karen Starr. For the following reasons, the court will overrule the plaintiff's objection, adopt the magistrate judge's report, and affirm the Commissioner's final decision.

To establish eligibility for disability insurance benefits, a claimant must prove that she became disabled prior to her date last insured. See Byrd v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012) (citing 42 U.S.C. §§ 423(a)(1)(A), (c)(1); 20 C.F.R. §§ 404.101(a), 404.131(a)). A claimant is "disabled" under the Social Security Act if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental

---

[1] Unless otherwise noted, the court will cite to the version of the regulations in effect on the date of the Law Judge's decision.

impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner uses a five-step sequential evaluation process to determine whether a claimant was disabled during the relevant time period. See 20 C.F.R. § 404.1520. At the second step, Mrs. Marshall was required to show that she had a "severe medically determinable physical or mental impairment . . . , or a combination of impairments that [was] severe," prior to her date last insured. 20 C.F.R. § 404.1520(a)(4)(ii); see also id. § 404.1520(c).

At the time of the Law Judge's decision, the relevant federal regulations provided that "[a] physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a claimant's] statement of symptoms." 28 U.S.C. § 404.1508; see also id. § 404.1528(a) ("Your statements alone are not enough to establish that there is a physical or mental impairment.").[2] In Social Security Ruling (SSR) 96-4p, the Social Security Administration explained what is needed under the regulations to establish the existence of a medically determinable physical or mental impairment. See SSR 96-4p, 1996 SSR LEXIS 11 (July 2, 1996)). The ruling clarified that "regardless of how many symptoms an individual alleges, or how genuine the individual's complaints may appear to be, the existence of a medically determinable physical or mental impairment cannot be established in the absence of objective medical abnormalities; i.e., medical signs and laboratory findings." Id. at *3.

---

[2] These regulations were revised effective March 27, 2017. The current regulations provide, in pertinent part, as follows:

> Your impairment(s) must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques. Therefore, a physical or mental impairment must be established by objective medical evidence from an acceptable medical source. We will not use your statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment(s). After we establish that you have a medically determinable impairment(s), then we determine whether your impairment(s) is severe.

20 C.F.R. 404.1521 (2017).

4

Consequently, "[i]n claims in which there are no medical signs or laboratory findings to substantiate the existence of a medically determinable physical or mental impairment, the individual must be found not disabled at step 2 of the sequential evaluation process." Id. at *5.

Against this regulatory backdrop, the Law Judge found, at step two, that Mrs. Marshall was not disabled at any time from the alleged onset date through December 31, 1998, the date she was last insured. Upon review of the record, the court concludes that the Law Judge's determination is supported by substantial evidence. Although Mrs. Marshall and her husband testified that she began having problems with anxiety and panic attacks prior to her date last insured, the Law Judge properly observed that the record is devoid of any medical evidence to substantiate their testimony. The earliest examination notes in the record are from August of 2001, when Mrs. Marshall sought treatment from Dr. Joseph Orlick for hypothyroidism, obesity, hypertension, and fatigue. (Tr. 219). Dr. Orlick's examination notes contain no mention of panic attacks until October of 2002, nearly four years after plaintiff's insured status expired. At that time, Mrs. Marshall complained of longstanding panic attacks and "inquired as to what over-the counter medicine she might try." (Tr. 210). Dr. Orlick did not mention plaintiff's panic attacks again until December of 2005, when he began including them in her list of "current medical problems." (Tr. 194) (emphasis added). On this record, the Law Judge reasonably found that Dr. Orlick's examination notes do not contain sufficient evidence to substantiate the existence of a medically determinable impairment before the date last insured.

The same is true for the existing reports from Dr. Karen Starr, who began treating Mrs. Marshall in July of 2012, after she was diagnosed with encephalitis. (Tr. 445). Although Dr. Starr opined in June of 2016 that Mrs. Marshall "has significant cognitive issues that limit her ability to work," Dr. Starr indicated that such issues are "[d]ue to the herpes encephalitis" for which Mrs. Marshall was hospitalized in April of 2012. (Tr. 460). Thus, as the Law Judge

5

correctly observed in his decision, Dr. Starr's opinions "address the claimant's functioning since 2012, not her functioning during the relevant timeframe." (Tr. 23). Likewise, a review of Dr. Starr's examination notes reveals that they do not contain any objective evidence indicating that the impairments observed by Dr. Starr since July of 2012 existed prior to December 31, 1998. Accordingly, the record amply supports the Law Judge's finding that there is insufficient evidence to substantiate the existence of a medically determinable impairment during the period of insured status. See, e.g., Johnson v. Barnhart, 434 F.3d 650, 656 (4th Cir. 2005) (rejecting the plaintiff's argument that the Law Judge failed to give proper weight to an assessment submitted six days after the administrative hearing, since the plaintiff "made no argument that the disabilities contained in the assessment existed continuously from [the date last insured] to the present, and there [was] no objective medical evidence that the impairments observed by [the physician] in 2002 existed prior to [the date last insured]").

In her objection to the magistrate judge's report, Mrs. Marshall emphasizes that she received counseling services from Stephen Alexander, Ph.D. for many years before her insured status expired. Because the records from Dr. Alexander's office are unavailable through no fault of her own, plaintiff argues that it would be "unfair" to affirm the Law Judge's unfavorable decision.[3] (Pl.'s Obj. 1, Docket No. 19). While the court sympathizes with Mrs. Marshall's position, the law is clear that the claimant bears "the burden of proving that she was disabled prior to the expiration of her insured status." Wilkins v. Secretary, 925 F.2d 769, 775 (4th Cir. 1991). For the reasons set forth above, the court is convinced that substantial evidence supports the Law Judge's conclusion that the available medical records fail to substantiate the existence of a

---

[3] According to a letter in the administrative record, Dr. Alexander died in December of 2011 and any records pertaining to the plaintiff "were destroyed after no activity in five years sometime prior to the practice closing." (Tr. 347).

medically determinable impairment during the relevant time period. Accordingly, the court must overrule Mrs. Marshall's objection to the magistrate judge's report and recommendation.

As noted above, Mrs. Marshall submitted new evidence along with her objection. The evidence consists of a July 20, 2018 letter from Dr. Starr, which provides as follows:

> This is to confirm that Marie Marshall was seen in our office on 7/20/2018. She has a long history of post traumatic stress disorder as well as a history of sexual abuse; she has current neuropsychological complications compounded by herpes encephalopathy and cerebrovascular injury. Clinically, she has a chronic psychological disability and should have eligibility for medical coverage.

(Pl.'s Ex. 1, Docket No. 19-1).

Sentence six of 42 U.S.C. § 405(g) provides that a court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Accordingly, the United States Court of Appeals for the Fourth Circuit has recognized four requirements that a claimant must satisfy in order to obtain a remand under sentence six. First, the claimant must demonstrate that the new evidence is relevant to the determination of disability at the time the claimant first applied for benefits and is not merely cumulative. Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985) (citing Mitchell v. Schweiker, 699 F.2d 185, 188 (4th Cir. 1983)). Second, the claimant must establish that the evidence is material, in that the Commissioner's decision "'might reasonably have been different' had the evidence been before her." Id. (quoting King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979)). Third, the claimant must show that good cause exists for her failure to present the evidence earlier. Id. Fourth, the claimant must provide "'at least a general showing of the nature' of the new evidence." Id. (quoting King, 599 F.2d at 599).

Upon review of the record, the court concludes that the new evidence presented by Mrs. Marshall fails to satisfy the materiality standard required for remand. Although the new letter

7

from Dr. Starr indicates that Mrs. Marshall has "a long history of post traumatic stress disorder," this diagnosis was not mentioned in Dr. Starr's examination notes until August 12, 2015, nearly seventeen years after the plaintiff's insured status expired. (Tr. 379). Moreover, there is no objective medical evidence that any of the impairments identified in the letter existed before the date last insured. Thus, there is no reason to believe that the Commissioner's final decision would have been different had the letter been before the Law Judge during his consideration of the case. Consequently, the court finds no "good cause" for remand.

After a de novo review of the record, and for the reasons set forth above, the court is constrained to conclude that the final decision of the Commissioner is supported by substantial evidence. Accordingly, the plaintiff's objection to the magistrate judge's report is OVERRULED, the magistrate judge's recommendation will be ADOPTED, and the final decision of the Commissioner will be AFFIRMED. See Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this memorandum opinion to the plaintiff and all counsel of record.

DATED: This 17th day of August, 2018.

_____
Senior United States District Judge